**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 25-CR-00083-CG** |
| | ) | |
| **JASON JONES** | ) | |

## PLEA AGREEMENT

The defendant, **JASON JONES,** represented by his counsel, and the United States of America have reached a plea agreement in this case, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the terms and conditions of which are as follows:

### RIGHTS OF THE DEFENDANT

1.    The defendant understands his rights as follows:

    a.    To be represented by an attorney;

    b.    To plead not guilty;

    c.    To have a trial by an impartial jury;

    d.    To confront and cross-examine witnesses and to call witnesses and produce other evidence in his defense; and

    e.    To not be compelled to incriminate himself.

### WAIVER OF RIGHTS AND PLEA OF GUILTY

2.    The defendant waives rights b through e, listed above, and pleads guilty to Counts One and Two of the indictment, charging violations of Title 18, United States Code, Section 2251(a), Sexual Exploitation of a Minor and Title 18, United States Code, Section 2422(b), Attempted Coercion and Enticement of a Minor.

1

Rev. 9/2021

3.   The defendant understands that the statements he makes under oath in the plea of guilty must be completely truthful and that he can be prosecuted for making false statements or perjury, or receive a perjury enhancement at sentencing, for any false statements he makes intentionally in this plea of guilty.

4.   The defendant expects the Court to rely upon his statements here and his response to any questions that he may be asked during the guilty plea hearing.

5.   The defendant is not under the influence of alcohol, drugs, or narcotics.  He is certain that he is in full possession of his senses and is mentally competent to understand this Plea Agreement and the guilty plea hearing which will follow.

6.   The defendant has had the benefit of legal counsel in negotiating this Plea Agreement.  He has discussed the facts of the case with his attorney, and his attorney has explained to the defendant the essential legal elements of the criminal charge which has been brought against him.  The defendant's attorney has also explained to the defendant his understanding of the United States' evidence and the law as it relates to the facts of his offense.

7.   The defendant understands that the United States has the burden of proving each of the legal elements of the criminal charge beyond a reasonable doubt.  The defendant and his counsel have discussed possible defenses to the charge.  The defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice of his attorney.

8.   A separate document, entitled Factual Resume, will be submitted to the Court as evidence at the guilty plea hearing.  The Factual Resume is incorporated by reference into this Plea Agreement.  The defendant and the United States agree

2

that the Factual Resume is true and correct. Alterations to the Plea Agreement or Factual Resume initialed only by the defendant and his counsel are not part of this agreement and are not agreed to by the United States.

9.     This plea of guilty is freely and voluntarily made and is not the result of force, threats, promises, or representations, apart from those representations set forth in this Plea Agreement. There have been no promises from anyone as to the particular sentence that the Court will impose. The defendant is pleading guilty because he is guilty.

10.    The defendant also knowingly and voluntarily waives all rights, whether asserted directly or through a representative, to receive from the United States after sentencing any further records, reports, or documents pertaining to the investigation or prosecution of this matter. This waiver includes, but is not limited to, rights under the Freedom of Information Act and the Privacy Act of 1974.

**PENALTY**

11.    The maximum penalty the Court could impose as to Count One of the Indictment is:

a.     Up to thirty (30) years imprisonment with a 15-year minimum mandatory sentence;

b.     A fine not to exceed $250,000;

c.     A term of supervised release of five (5) years to LIFE, which would follow any term of imprisonment. If the defendant violates the conditions

3

Rev. 9/2021

of supervised release, he could be imprisoned for the entire term of supervised release;

    d.    A mandatory special assessment of $100.00;

    e.    A mandatory assessment of $5,000 per count under 18 U.S.C. § 3014 if the defendant is determined to be non-indigent;

    f.    An assessment, pursuant to 18 U.S.C. § 2259A of no more than $50,000;

    g.    Mandatory restitution pursuant to 18 U.S.C. 2259 that is not less than $3,000 per victim; and

    h.    Such restitution as may be ordered by the Court.

12.    The maximum penalty the Court could impose as to Count Two of the Indictment is:

    a.    Up to life imprisonment, with a 10-year minimum mandatory sentence.

    b.    A fine not to exceed $250,000;

    c.    A term of supervised release of five (5) years to LIFE, which would follow any term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d.    A mandatory special assessment of $100.00;

    e.    A mandatory special assessment of $5,000, if the defendant is not indigent; and

    f.    Such restitution as may be ordered by the Court.

Rev. 9/2021

**SENTENCING**

13.     The defendant understands that the Court can run the sentences imposed on Counts One and Two either consecutively or concurrently.

14.     The Court will impose the sentence in this case. The United States Sentencing Guidelines are advisory and do not bind the Court. The defendant has reviewed the application of the Guidelines with his attorney and understands that no one can predict with certainty what the sentencing range will be in this case until after a pre-sentence investigation has been completed and the Court has ruled on the results of that investigation. The defendant understands that at sentencing, the Court may not necessarily sentence the defendant in accordance with the Guidelines. The defendant understands that he will not be allowed to withdraw his guilty plea if the advisory guideline range is higher than expected, or if the Court departs or varies from the advisory guideline range.

15.     The defendant understands that this Plea Agreement does not create any right to be sentenced in accordance with the Sentencing Guidelines, or below or within any particular guideline range, and fully understands that determination of the sentencing range or guideline level, or the actual sentence imposed, is solely the discretion of the Court.

16.     The United States will provide all relevant sentencing information to the Probation Office for purposes of the pre-sentence investigation. Relevant sentencing information includes, but is not limited to, all facts and circumstances of this case and information concerning the defendant's conduct and background.

Rev. 9/2021

17.     Both the defendant and the United States are free to allocute fully at the time of sentencing.

18.     The defendant agrees to tender $200.00 to the U.S. District Court Clerk in satisfaction of the mandatory special assessment in this case. The United States reserves the right to withdraw any favorable recommendations it may agree to within this document if the defendant fails to pay the special assessment prior to or at the time of his sentencing.

## SEX OFFENDER REGISTRATION

19.     The defendant stipulates and agrees that based on the Sex Offender Registration and Notification Act ("the Act"), Title 42, United States Code, Section 16911 et seq., he is a sex offender as that term is defined in the Act. The defendant further understands, acknowledges, and agrees to the following concerning his sex offender registration: I am required to register and keep my registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information. I further understand that the requirement to keep the registration current including informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status. I also understand that if I possess a passport, it will be marked with a unique identifier identifying me as a convicted sex offender. I understand that if I seek to travel outside the United States, I must

Rev. 9/2021

notify my residence jurisdiction of my travel at least 21 days prior to that travel. I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. §2250, which is punishable by fine or imprisonment, or both. The defendant further agrees that for initial registration purposes only, the defendant is required to also register in the jurisdiction in which the defendant is convicted if such jurisdiction is different from the jurisdiction of residence.

## RESTITUTION

20. Pursuant to 18 U.S.C. §§ 3556 and 3663(A), restitution is mandatory. The defendant agrees to make full restitution in an amount to be determined by the Court at sentencing and restitution will include all relevant conduct regardless of whether it relates to the count of conviction.

21. Defendant agrees and understands that any payment schedule imposed by the Court is without prejudice to the United States to take all actions and take all remedies available to it to collect the full amount of the restitution. Defendant agrees that the restitution, restitution judgment, payment provisions, and collection actions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. Defendant further agrees that any restitution collected and/or distributed will survive him, notwithstanding the abatement of any underlying criminal conviction after execution of this agreement. The parties will jointly recommend that as a condition of probation or supervised release, defendant will notify the Collections Unit, United States

7

Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name or entity, including a trust, partnership or corporation after the execution of this plea agreement until the fine or restitution is paid in full.  The parties will also jointly recommend that as a condition of probation or supervised release, defendant will notify the Collections Unit, United States Attorney's Office, before defendant transfers any interest in property owned directly or indirectly by defendant, including any interest held or owned under any other name or entity, including trusts, partnerships and/or corporations.  Pursuant to 18 U.S.C. §§ 3556 and 3663(A), restitution is mandatory.

### FORFEITURE

22.    The defendant agrees to forfeit to the United States any right, title, and interest in all assets subject to forfeiture under the notice of forfeiture contained in the charging document, including property specified in any bill of particulars and property previously seized by the government for administrative, civil, or criminal forfeiture. The defendant further consents to the filing of a motion for a preliminary order forfeiting such property and any dollar amount specified in the notice of forfeiture or bill of particulars, and the defendant confesses the requisite nexus between the property and the charge of the conviction. The defendant hereby withdraws any petition for remission or claim for such property for such property and further waives any right to contest or appeal the government's forfeiture proceedings for any reason, including on grounds that the forfeiture

8

constitutes an unconstitutionally excessive fine or punishment, and in any manner, including by claim, petition, appeal or collateral attack.

## FINANCIAL OBLIGATIONS

23.    The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

(a)    Upon request, the defendant will submit a completed Financial Statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that his financial statement and disclosures will be complete, accurate, and truthful. The defendant further agrees to provide waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information, such releases to be valid for a period extending 90 days from the date of sentencing. The defendant also authorizes the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

(b)    The defendant will provide a waiver of his privacy protections to expressly authorize the U.S. Attorney's Office to access his credit report and tax

Rev. 9/2021

information held by the Internal Revenue Service in order to evaluate the defendant's ability to satisfy any monetary penalty imposed by the Court.

(c) The defendant agrees not to transfer, assign, dispose, remove, conceal, pledge as collateral, waste, or destroy property with the effect of hindering, delaying, or defrauding the United States or victims. The defendant otherwise shall not devalue any property worth more than $1,000 before sentencing, without the prior approval of the United States.

## UNITED STATES' OBLIGATIONS

24. The United States will not bring any additional charges against the defendant related to the facts underlying the Indictment and will move to dismiss any remaining charges against the defendant once sentence is imposed in this case. This agreement is limited to the United States Attorney's Office for the Southern District of Alabama and does not bind any other federal, state, or local prosecuting authorities.

25. The United States will recommend to the Court that the defendant be sentenced within the advisory sentencing guideline range, subject to the statutory mandatory minimum incarceration for each Count as determined by the Court.

## LIMITED WAIVER OF RIGHT TO APPEAL AND
## WAIVER OF COLLATERAL ATTACK

26. As part of the bargained-for exchange represented in this plea agreement, and subject to the limited exceptions below, the defendant knowingly and voluntarily waives the right to file any direct appeal or any collateral attack, including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

10

Rev. 9/2021

Accordingly, the defendant will not challenge his guilty plea, conviction, or sentence in any district court or appellate court proceedings.

    a.    **EXCEPTIONS.** The defendant reserves the right to timely file a direct appeal challenging:

    (1)    any sentence imposed in excess of the statutory maximum;

    (2)    any sentence which constitutes an upward departure or variance from the advisory guideline range.

The defendant also reserves the right to claim ineffective assistance of counsel in a direct appeal or § 2255 motion.

27.    If the United States files a notice of appeal and such appeal is authorized by the Solicitor General, the defendant is released from the appellate waiver.

28.    The defendant further reserves the right to timely move the district court for an amended sentence under 18 U.S.C. § 3582 in the event of a future retroactive amendment to the Sentencing Guidelines which would affect the sentence.

29.    If the defendant receives a sentence within or below the advisory guideline range, this plea agreement shall serve as the defendant's express directive to defense counsel to timely file a "Notice of Non-Appeal" following sentencing, signed by the defendant.

**VIOLATION OF AGREEMENT**

30.    The defendant understands that if he breaches any provision of this Plea Agreement, the United States will be free from any obligations imposed by this agreement, but all provisions of the agreement remain enforceable against the

11

defendant. In the exercise of its discretion, the United States will be free to prosecute the defendant on any charges of which it has knowledge. In such event, the defendant agrees not to assert any objections to prosecution that he might have under the Sixth Amendment and/or Speedy Trial Act.

31.    In addition, if the defendant is released from detention prior to sentencing, he understands that the United States will no longer be bound by this agreement if he violates any condition of his release prior to sentencing or prior to serving his sentence after it is imposed.

## ENTIRETY OF AGREEMENT

32.    This document is the complete statement of the agreement between the defendant and the United States and may not be altered unless done so in writing and signed by all the parties.

<div style="margin-left: 45%;">

Respectfully submitted,
SEAN P. COSTELLO
UNITED STATES ATTORNEY

</div>

Date: June 2, 2025            */s/ Tandice H. Blackwood*
                              Tandice H. Blackwood
                              Assistant United States Attorney

Date: June 2, 2025            */s/ Kacey Chappelear*
                              Kacey Chappelear
                              Assistant United States Attorney
                              Deputy Chief, Criminal Division

<div style="text-align:center;">12</div>

I have consulted with my counsel and fully understand all my rights with respect to the offense charged in the Indictment pending against me. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement, and I voluntarily agree to it. I hereby stipulate that the Factual Resume, incorporated herein, is true and accurate in every respect, and that had the matter proceeded to trial, the United States could have proved the same beyond a reasonable doubt.

Date: June 11, 2025

_____
Jason Jones
Defendant

I am the attorney for the defendant. I have fully explained his rights to him with respect to the offense(s) charged in the Indictment in this matter. I have carefully reviewed every part of this Plea Agreement with him. To my knowledge, his decision to enter into this agreement is an informed and voluntary one. I have carefully reviewed the Factual Resume, incorporated herein, with the defendant and to my knowledge, his decision to stipulate to the facts is an informed, intelligent and voluntary one.

Date: Jne 11, 2025

_____
Latisha Colvin
Attorney for Defendant

13

Rev. 9/2021

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO. 25-00083-CG** |
| | ) | |
| JASON JONES | ) | |

## FACTUAL RESUME

The defendant, **JASON JONES,** admits the allegations of Counts One and Two of the

Indictment.

## ELEMENTS OF THE OFFENSE

**JASON JONES** understands that in order to prove a violation of Title 18, United States

Code, Section 2251(a), as charged in Count One of the Indictment, the United States must prove:

First:    The Defendant knowingly induced and attempted to induce a person he
          believed to be a minor;

Second:   To engage in sexually explicit conduct;

Third:    For the purpose of producing a visual depiction of such conduct; and

Fourth:   Using materials that had been mailed, shipped, and transported in
          interstate or foreign commerce.

**JASON JONES** understands that in order to prove a violation of Title 18, United States

Code, Section 2422(b), as charged in Count Two of the Indictment, the United States must

prove:

First:    The Defendant knowingly attempted to persuade, induce, entice or coerce
          Minor B to engage in sexual activity as charged;

Second:   The Defendant used a computer and the internet to do so;

1

Rev. 9/2021

Third:        At the time, the Defendant believed Minor B was less than 18 years old; and

Fourth:       One or more of the individuals engaging the sexual activity could be charged with a criminal offense under the law in Alabama.

### OFFENSE CONDUCT

Defendant, **JASON JONES,** admits in open court and under oath that the following statement is true and correct and constitutes evidence in this case.  This statement of facts is provided solely to assist the Court in determining whether a factual basis exists for **JASON JONES'** plea of guilty.  The statement of facts does not contain each and every fact known to **JASON JONES** and to the United States concerning the defendant's involvement in the charges set forth in the plea agreement.

Corporal A.F.  with the Mobile County Sheriff's Office (MCSO) was assigned two CyberTips from the Alabama Law Enforcement Agency (ALEA) to investigate.

One CyberTip indicated that a user with the username "alex_jacob0" had been identified as potentially sharing Child Sexual Abuse Material (CSAM).  The internet service provider provided a date of birth, email address, and IP address associated with the user.

The second CyberTip was developed by Detective B.N. of the Lindsborg, Kentucky Police Department.  That detective had identified a particular user on a social media platform who had received CSAM.  The detective provided the username "strokinit2u" and email address for the user.  The email address matched the email address from the first CyberTip.

The IP address associated with the first CyberTip was identified through subpoena to AT&T as belonging to Jason Jones and associated with his residence located in Mobile County,

2

Rev. 9/2021

Alabama. A subpoena to SnapChat verified that the two flagged accounts "alex_jacob0" and "strokinit2u" are, in fact, the same account, but they had different usernames at various times.

A subpoena issued to email service provider returned information that email address was registered to Jason Jones with the created date of June 15, 2009.

A search warrant for the contents of the SnapChat account of "alex_jacob0" and/or "strokinit2u" was conducted by Corporal A.F. with MCSO. An examination of the data revealed several images and videos containing child sex abuse material (CSAM).

A cursory review of his chats indicate that JONES was posing as a 19-year-old boy from Tennessee. JONES would send images of an unknown young male to females he was communicating with to convince them he was a 19-year-old boy. In fact, JONES was a 46-year-old man living in Alabama.

Evidence from SnapChat revealed communication between JONES and Minor A. Minor A resided in Kentucky with her mother during April of 2024. Her date of birth is in September 2012, making her eleven years old in April 2024. Chats between JONES and Minor A began on April 21, 2024. On April 22, 2024, JONES began to persuade and entice Minor A to produce and send him photographs and videos. On April 22, 2024, Minor A asks JONES if they can "be together" and stated that she likes him. JONES responds that he can't be with her until he "sees more of her." Minor A asks him "of what[?]" He responds, "surprise me" and says "video." In response, Minor A sends him several videos of her body naked, displaying her breasts and vagina, and bending over in front of the camera. JONES responds, "a little better." JONES then messages "video baby, finger it then lick it." Minor A responds with a video of herself masturbating under a bed and licking her fingers. Minor A transmitted at least eight videos of herself with vaginal nudity, as well as several photos.

3

Rev. 9/2021

Minor A was identified by Corporal A.F. She was interviewed by the Federal Bureau of Investigation (FBI) and confirmed her username, age at the time of the offense and the conversations in a forensic interview conducted by the Federal Bureau of Investigation. Minor A stated that she told JONES her age during their chats. Minor A confirmed the images sent to her from JONES of the unknown male he was purporting to be. The videos were produced from her Samsung cell phone and transmitted in interstate commerce over the internet. The communication with Minor A is the basis of Count One of the Indictment.

A chat thread between JONES and Minor B was initiated on June 3, 2024. JONES stated that he is 19 years old and lives in Tennessee. Minor B advised that she is 15 years old. JONES complimented her on her body and stated that he "wishes he could be there" and that he lives 10 hours away. He stated that "you do not have the body of a 15-year-old." On June 4, 2024, JONES said he is looking at her pictures and wishes he had others to look at. She responded she does not have any others, and he suggested that she "take some lol." She sent him photos of her legs and pubic area clothed. He stated that her crotch area "looks like a good place for my face" and said, "you got me turned on." JONES stated that he "wants that ass" and Minor B responded, "come and get it." He responded that he wishes he could and asks her where she lives. He encourages her to take more photos, asks if "it's okay to cum on her pics" and to "eat her pussy." All the communication took place over the internet. The communication with Minor B is the basis of Count Two of the Indictment.

Over 400 chats were located on the SnapChat account. The basis of Count Seven of the Indictment is a chat communication between the Defendant and Minor C on March 29, 2024. Minor C is a 13-year-old female. The defendant sent a picture of an erect penis to Minor C knowing she was a minor.

4

Rev. 9/2021

The basis of Count Eight of the Indictment is a chat communication between the Defendant and another user. The chat takes place on May 7, 2024. In the chat, the other user tells JONES that she is twelve. She sends him non-pornographic photos of her face. He responds that she is "cute af" and proceeds to send her a picture of an erect penis.

As the above investigation was ongoing, Corporal A.F. received another CyberTip regarding SnapChat account "dymondleigh." It was determined that this account was linked to "alex_jacob01" account. The SnapChat return showed that the "alex_jacob0" account sent photos to the "dymondleigh" account. Evidence was also discovered that "dymondleigh" was sending CSAM to a user "playdate69" from both accounts. Multiple items of CSAM were recovered from this account that were also found on one or more of the Defendant's devices. One item of CSAM that was sent was a video of a topless minor with a penis ejaculating on her face. It was sent to "playdate69" on April 1, 2024. A still shot of that video was recovered from the Defendant's Samsung cell phone seized from his bedside table. The dissemination of the video from "dymondleigh" to "playdate69" is the basis of Count Three of the Indictment.

A search warrant of JONES's residence was conducted on January 9, 2025. Several devices were seized and identified as belonging to JONES, including five cell phones. An Android cell phone was also taken off JONES's person. A forensic examination was conducted on the phones.

On the Android cell phone taken from JONES's person, examiners located CSAM that was also located on the SnapChat return. Photos of the boy JONES was holding himself out to be were also found on the cell phone taken from his person. Examiners located the previously identified email address on the cell phone and evidence of SnapChat installed on the cellphone. An image of CSAM located on this device is the basis for Count Four of the Indictment.

5

A Samsung cell phone was located in JONES's bedroom and identified as belonging to JONES. A forensic examination revealed CSAM as well as the images of the 19-year-old boy that JONES was posing as. Evidence of the previously identified email address was found on the cell phone. There were also "selfies" of JONES and other user attribution on the phone. An image of CSAM located on this device is the basis for Count Five of the Indictment.

An AT&T cell phone located on the couch of the residence and identified as JONES's was also examined. CSAM was contained on that device as well, along with user attribution to JONES. An image of CSAM located on this device is the basis for Count Six of the Indictment.

A Samsung cell phone with a cracked screen was also located at the residence on the left beside table and identified as JONES's. The device contained CSAM, evidence of "strokingit2u" SnapChat account, selfies of JONES and a saved SnapChat thread, indicating JONES was masturbating while looking at females' photos.

JONES admits he possessed more than 600 images of child pornography. With regard to Count One, JONES admits the minor had not attained the age of 12 years. JONES admits that he made a knowing misrepresentation of identity and used a computer or interactive computer service to facilitate his crimes.

JONES admits that one Motorola Moto G Power (2022) cell phone, IMEI number 351024744047973, one Samsung SM-J337A cell phone, IMEI number 352146100378020, one Samsung SM-J327A cell phone, IMEI number 357153087883100 and one AT&T model EA211001, cell phone, IMEI number 355527370712138 are subject to forfeiture and agrees that it can be forfeited.

Rev. 9/2021

6

AGREED TO AND SIGNED.

Respectfully submitted,

SEAN P. COSTELLO
UNITED STATES ATTORNEY

Date: June 2, 2025

*/s/ Tandice H. Blackwood*
Tandice H. Blackwood
Assistant United States Attorney

Date: June 2, 2025

*/s/ Kacey Chappelear*
Kacey Chappelear
Assistant United States Attorney
Deputy Chief, Criminal Division

Date: June, 11, 2025

Jason Jones
Defendant

Date: June 11, 2025

Latisha Colvin
Attorney for Defendant

7